[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 451 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 452 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 453 
The principle of this case is entirely covered by the doctrine established in Truscott v. King,(a) decided in this court at the present term. It appears that the original mortgage was long since paid up and extinguished, and though it is probable that the defendant relied on the assignment of the mortgage to him as security for such indorsements as he should make for the mortgagor; I do not find evidence of any explicit agreement
between him and the mortgagor, Smith, that, after it was satisfied, it should be revived, and stand as security for such indorsements. And if there was evidence of such an agreement, it would not have the effect to revive the mortgage under the decision in Truscott v. King. The judgment must therefore be affirmed.
Judgment affirmed.
(a) Ante, p. 147. *Page 454